IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANE A. MICKEY                                                              PLAINTIFF


V.                        Civil No. 2:17-cv-02083-PKH-MEF


NANCY A. BERRYHILL, Commissioner
Social Security Administration                                               DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Diane A. Mickey, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff filed her application for DIB on July 8, 2014, alleging an onset date of May 30, 2014, due to arthritis in her lower back with bulging disks, radiculopathy, and depression. (ECF No.11, pp. 73, 84, 178-179, 209, 224). On May 13, 2015, the ALJ held an administrative hearing. (ECF No. 11, pp. 33-71). Plaintiff was present and represented by counsel.

On February 9, 2016, the ALJ concluded that the Plaintiff's lumbar degenerative disk disease ("DDD") and obesity were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 11, pp.

18-20). He then found Plaintiff capable of performing sedentary work requiring only occasional climbing, balancing, crawling, kneeling, stooping, and crouching. (ECF No. 11, pp. 21-26). With the assistance of a vocational expert, the ALJ found the Plaintiff capable of returning to her PRW as a telephone customer service representative. (ECF No. 11, pp. 26-27).

The Appeals Council denied the Plaintiff's request for review on April 20, 2017. (ECF No. 11, pp. 5-10). Subsequently, Plaintiff filed this action. (ECF No. 1). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13).

## II.     Applicable Law

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence, and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

3

### III. Discussion

Plaintiff essentially raises two issues on appeal: whether substantial evidence supports the ALJ's RFC determination and whether she can perform her PRW. Following a thorough review of the record, the undersigned agrees that the ALJ's RFC determination is not supported by substantial evidence.

Plaintiff has an extensive history of treatment for lower back and thoracic pain. X-rays of her lumbar spine dated March 17, 2014, showed mild disc space narrowing and endplate spurring from the L2 level through the S1 level. (ECF No. 11, p. 323). Further, MRIs of her lumbar and thoracic spine, taken the following month, showed a vertebral hemangioma at the T12-L1 level, multilevel DDD with borderline canal stenosis at the L2-3 and L3-4 levels, a disc protrusion at the L3-4 level that might impact the exiting nerve root, relatively severe bilateral facet arthropathy at the L4-5 level, multilevel disc bulges at the T5- T11 levels, and a small to moderate right posterolateral disc protrusion at the T10-11 level. (ECF No. 11 at 319-322).

Plaintiff underwent treatment via medication, physical therapy, epidural steroid injections, facet nerve blocks, and nerve ablation. Records, however, reveal only a temporary response to these conservative treatment measures with no long-term symptom resolution. Additionally, repeat physical exams documented a decreased range of motion and tenderness, particularly in the lumbar spine. Although the record does show relatively stable and non-progressive symptoms throughout the relevant time period, this merely indicates that her condition did not deteriorate. It provides no support for the assertion that her condition was responsive to conservative treatment.

In July 2014, Neurosurgeon, Shawn P. Moore, M.D., indicated Plaintiff's condition was not surgical in nature, as surgery would be extensive (requiring a multilevel fusion and instrumentation procedure) and unlikely to improve her functional status. He concluded that her pain was multifactorial, probably related to her myofascial pain syndrome, diffuse DDD, spondylosis, and obesity, and recommended she continue with non-surgical treatment and weight loss measures. (ECF No. 11, pp. 325-326).

In May 2015, Terry L. Hoyt, D.O., provided a one-time consultative evaluation of the Plaintiff. On examination, Plaintiff exhibited paresthesias in both legs, difficulty walking, tightness and tenderness in the paracervical region with a decreased range of motion, marked lumbar paravertebral tenderness and restrictions, upslip with compensation at the L5 level, tenderness along the right sciatic distribution, decreased patellar reflexes, weakness of the Hallus extensor, and positive bilateral straight leg raise testing. Dr. Hoyt opined that the Plaintiff was in need of aggressive medical intervention to minimize her continued decline. He went on to state that total permanent disability was expected. Dr. Hoyt also indicated Plaintiff could sit for 30 minutes at a time for a total of 3 hours per day; stand and walk for 20 minutes at a time each for a total of 1 hour each; would need hourly rest breaks, the ability to alternate sitting and standing at 15-minute intervals, and the ability to elevate her legs to 45 degrees when seated; could lift up to ten pounds frequently and carry up to five pounds occasionally; would be limited with regard to operating leg or foot controls; could rarely bend, squat, crawl, stoop, kneel, balance, climb, push, pull, reach, grasp and finger; and, could never work overhead or above shoulder level, crawl, or crouch. (ECF No. 11, pp. 378-381).

Clifford L. Evans, M.D. performed a consultative physical examination on August 31, 2015. He noted a limited range of motion in Plaintiff's lumbar spine and the inability to perform the straight leg raise test due to pain. Dr. Evans also indicated that the Plaintiff walked with her husband's assistance and could not heel/toe walk due to balance problems. He diagnosed degenerative arthritis with DDD of the lumbar spine affecting the sacral and lumbar nerves, neuropathy in the leg, and obesity. Dr. Evans estimated Plaintiff had moderate to severe limitations to the body as a whole due to back pain, but was unwilling to complete an RFC assessment. (ECF No. 11, pp. 397-407).

The ALJ attempted to obtain an RFC assessment from Plaintiff's primary care physician, Dr. Chris Hardin, but he refused to comply with the ALJ's request. (ECF No. 11, pp. 388-394). Dr. Hardin recommended that the ALJ refer the Plaintiff to "occupational medicine or a disability doctor."

Of particular concern to the undersigned is the ALJ's conclusion that the Plaintiff can perform sedentary work with only postural limitations. Sedentary work requires the ability to sit for approximately six hours of an eight-hour workday. SSR 83-10. Based upon the results of MRIs, x-rays, and multiple physical examinations, it appears that the Plaintiff's ability to sit is significantly limited by her impairments. Further, Dr. Hoyt opined she would be limited with regard to her ability to sit and would need a sit/stand option and the ability to elevate her feet. These limitations are supported by Dr. Evans' assessment of moderate to severe limitations to the body as a whole, as well as Plaintiff's own testimony concerning her inability to sit for long periods and her need to elevate her feet. Accordingly, the undersigned finds that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC. The assessments

prepared by the non-examining consultants, dated August and October 2014, predate the consultative examinations and simply do not provide substantial evidence upon which the ALJ could base his RFC determination. *See Wildman v. Astrue*, 596 F.3d 959, 967 (8th Cir. 2010) (opinions of non-examining sources are generally entitled to less weight than examining sources, especially when those opinions do not take into account all the pertinent evidence in the record).

Given the refusal of Dr. Hardin and Dr. Evans to complete the RFC assessments supplied by the Commissioner, on remand, it is recommended that the ALJ be directed to order a consultative neurological exam, complete with an RFC assessment. Particular attention should be paid to the Plaintiff's ability to sit for extended periods of time and any need for a sit/stand option, unscheduled breaks, and/or the ability to elevate her feet when seated.

### IV. Conclusion

Based on the foregoing, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of April, 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE